## BALES *v.* INDIANA GLASS COMPANY.

[No. 15,621.   Filed February 18, 1936.]

*Harry L. Nixon* and *Roscoe D. Wheat,* for appellant.

*Rocap & Rocap* and *Frank F. Stigger,* for appellee.

BRIDWELL, J.—Appellant, an employee of appellee, while engaged in discharging the duties of her employment, fell and sustained injuries to her arm and shoulder. She filed with the Industrial Board an application for adjustment of her claim for compensation. Upon hearing of her application for a review of an award made by one member of the board, the full board made a finding that appellant had "suffered no disability as the result of an accidental injury arising out of and in the course of her employment with the defendant." The award was in accordance with the finding, and to the effect that plaintiff (appellant) take nothing, and that she pay the costs of the proceeding. This appeal followed, appellant assigning as error that the award is contrary to law.

The only question presented is whether the evidence is sufficient to sustain the finding upon which the award is based. Undisputed evidence proves that appellant, while discharging a duty of her employment, fell and sustained injuries. The controverted question is, What caused her to fall? Appellant contends, and there is evidence from which the Industrial Board might have believed, that appellant, immediately prior to the fall which caused her injuries, was engaged in sorting automobile lenses which had been placed on a table at which she was working, and that she slipped on some glass that was on the floor near where she was standing while engaged in her work, and this caused her to fall. On the other hand, there is evidence from which said board could reasonably believe and find the fact to be that appellant suffered an attack of epilepsy which caused

her to faint and fall. There is evidence that prior and subsequent to the date of her injuries she was afflicted with epilepsy, and appellant herself testified that before that date she recalled having fainted about eight times. Physicians testified as to having treated her for this disease. The physician who was called to attend her testified that he found her unconscious in the first aid room at the factory, and that she remained so for about twenty minutes following his arrival; that in his opinion she was in a stage of epilepsy. There is no evidence to prove that any of the conditions under which appellant worked, or the discharge of any duty of her employment would tend to cause an epileptic seizure. The evidence as to what caused her to fall is conflicting, and this court will not weigh the evidence.

Award affirmed.

Wiecking, J., not participating.